IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TARA THAPA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | NO. _____ |
| LAKESHORE ATLANTA ) | |
| APARTMENTS, LLLP and ) | |
| VENTRON MANAGEMENT, LLC, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

COME NOW defendants Lakeshore Atlanta Apartments, LLLP ("Lakeshore") and Ventron Management, LLC ("Ventron"), by way of special appearance and without waiving but specifically reserving all jurisdictional defenses available to them, and, pursuant to 28 U.S.C. §§ 1441 and 1446, file this notice of removal within the time prescribed by law, showing the Court as follows:

1.

On December 12, 2011, plaintiff filed a complaint against defendants in the State Court of Fulton County, Civil Action No. 2011-EV-013994-Y, which is within the Atlanta Division of the Northern District of Georgia.

2.

The exact date when plaintiff served defendants with a copy of the summons and complaint is unknown. However, this notice is timely because it is being filed within 30 days of the date when plaintiff filed the complaint. By definition, therefore, this notice is being filed within 30 days of the date when plaintiff served process on defendants.

3.

True and correct copies of all process, pleadings, and orders that have been electronically filed and/or served via LexisNexis File & Serve in connection with this action are attached hereto as Exhibit A. Defendants have no knowledge of any other process, pleadings, or orders that have been electronically filed and/or served via LexisNexis File & Serve in connection with this action, other than those attached hereto.

4.

This is a premises liability action involving an alleged assault and battery of plaintiff by an unknown person at Lakeshore Apartments in Clarkston, Georgia on November 9, 2010. (Compl. ¶¶ 12-13.) Plaintiff alleges that Lakeshore, as the owner of the premises, and Ventron, as the manager of the premises, are liable for his injuries and damages under O.C.G.A. § 51-3-1. (Compl. ¶¶ 16-30.) Plaintiff

also alleges that defendants are liable for (1) negligent supervision, hiring, training, and retention of unnamed employees and agents; (2) fraud; (3) breach of contract; and (4) creating a nuisance. (Compl. ¶¶ 31-41.) Plaintiff seeks compensatory, general, special, incidental, consequential, and punitive damages for, among other things, physical injuries (some of which are alleged to be permanent), mental anguish, pain and suffering, loss of capacity to enjoy life, loss of earning capacity, and past and future medical expenses. (Compl. ¶ 42.) Plaintiff also seeks attorney fees and litigation expenses under O.C.G.A. § 13-6-11. (Compl. ¶ 45.)

5.

This action is a civil action of which the Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b) in that it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.

Upon information and belief, plaintiff is and was at the time the complaint was filed, a citizen and resident of Georgia.

7.

Lakeshore is, and was at the time the complaint was filed, a limited partnership organized and existing under the laws of Florida with its principal place of business in Florida and is, therefore, considered to be a citizen and resident of Florida. (Compl. ¶ 1.)

8.

Ventron is, and was at the time the complaint was filed, a limited liability company organized and existing under the laws of Florida with its principal place of business in Florida and is, therefore, considered to be a citizen and resident of Florida. (Compl. ¶ 6.)

9.

Because plaintiff is a citizen and resident of Georgia and defendants are not citizens and residents of Georgia, there is complete diversity of citizenship between plaintiff and defendants.

10.

Plaintiff does not explicitly allege in his complaint that he is entitled to recover a specific amount of damages. However, he alleges that he is entitled to recover

punitive damages "without limitation or cap." (Compl. ¶ 44.)[1]  Under Georgia law, punitive damages are capped in non-product liability cases at $250,000 unless the plaintiff proves that the defendant acted, or failed to act, with specific intent to cause harm or while under the influence of alcohol, illegal drugs, or any intentionally consumed glue, aerosol, or other toxic vapor. O.C.G.A. § 51-12-5.1(f), (g).  Here, plaintiff alleges that defendants and/or their employees and agents acted with a specific intent to cause harm such that the $250,000 cap does not apply. (Compl. ¶ 44.)  Thus, plaintiff implicitly alleges in his complaint that he is entitled to recover *at least* $250,000.01 in punitive damages alone.[2]  Based on

---

[1] "Punitive damages must be considered when determining the jurisdictional amount in controversy in diversity cases." *Rae v. Perry*, 392 F. App'x 753, 755 (11th Cir. 2010) (per curiam) (citing *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)).

[2] Defendants are cognizant of *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), and the burden it places on a removing defendant to prove the amount in controversy by a preponderance of the evidence when the complaint does not specify an amount of damages sought. *Lowery*, however, dealt with a complaint alleging an entitlement to unspecified damages.  In contrast, this case involves a complaint that, while not including a specific numerical figure in what it alleges plaintiff is entitled to recover, effectively alleges that plaintiff is entitled to recover a minimum of $250,000.01 in punitive damages.  This implicit allegation means that this case does not involve a claim for unspecified damages, at least with respect to punitive damages, and so *Lowery* does not apply to this case.  Because plaintiff's own prayer for punitive damages satisfies the amount in controversy requirement, without even factoring in his prayer for compensatory damages, federal jurisdiction is proper.

this – not to mention the unspecified compensatory damages that plaintiff is also seeking – there is no question that plaintiff is seeking more than $75,000 in this action, exclusive of interest and costs. *Bell v. Preferred Life Assurance Soc'y of Montgomery*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered *to the extent claimed* in determining jurisdictional amount.") (emphasis added).

11.

Defendants hereby certify that they have given notice of filing of this notice to plaintiff and have filed a written notice with the Clerk of the State Court of Fulton County, a copy of which is attached hereto as Exhibit B.

12.

The undersigned has read this notice, and to the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, it is well-grounded in fact; is warranted by existing law; and is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

[SIGNATURE ON FOLLOWING PAGE]

FREEMAN MATHIS & GARY, LLP

    /s/ *Jacob E. Daly*
Sun S. Choy
Georgia Bar No. 025148
schoy@fmglaw.com
Jacob E. Daly
Georgia Bar No. 203723
jdaly@fmglaw.com

Attorneys for Defendants

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)
L:\DOCS\10009\10009\00076762.DOC

# CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and that I have served the following attorneys of record by depositing a true and correct copy thereof in the United States mail, postage prepaid:

>James A. Rice, Jr., Esq.
>JAMES A. RICE, JR., P.C.
>563 Spring Street, N.W.
>Atlanta, GA 30308

This 11th day of January, 2012.

>/s/ *Jacob E. Daly*
>Jacob E. Daly
>Georgia Bar No. 203723

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)