# EXHIBIT A

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 41350173
Date: Dec 12 2011 5:02PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TARA THAPA,                                   )
                                              )
          Plaintiff,                          )
                                              )        CIVIL ACTION FILE NO.
v.                                            )
                                              )
LAKESHORE ATLANTA APARTMENTS,                 )
LLLP AND VENTRON MANAGEMENT,                  )
LLC,                                          )
                                              )
          Defendant.                          )

## **COMPLAINT**

COMES NOW Tara Thapa, Plaintiff in the above-styled action, and hereby files this

Complaint for damages against the above-named Defendants as follows:

1.

Defendant Lakeshore Atlanta Apartments, LLLP (hereinafter "Lakeshore" or

"Defendants") is a foreign for profit partnership subject to the jurisdiction and venue of this

Court.  Service can be made on said Defendant by serving its Registered Agent as follows:

Stewart Mack, 2200 Sullivan Road, College Park, Georgia 30337.

2.

Defendant Lakeshore does business as and/or manages an apartment complex known as

Lakeshore Apartments where the incident which is the subject of this Complaint occurred, and

did so throughout November 9, 2010.

3.

Venue is proper as to Defendant Lakeshore.

4.

Service is proper as to Defendant Lakeshore.

5.

Jurisdiction is proper as to Defendant Lakeshore.

6.

Defendant Ventron Management, LLC (hereinafter "Defendants" and/or "Ventron") is a foreign for profit limited company subject to the jurisdiction and venue of this Court. Service can be made on said Defendant by serving its Registered Agent as follows: Stewart Mack, 2200 Sullivan Road, College Park, Georgia 30337

7.

Defendant Ventron business as and/or manages an apartment complex known as Lakeshore Apartments where the incident which is the subject of this Complaint occurred and did so throughout November 9, 2010.

8.

Venue is proper as to Defendant Ventron.

9.

Service is proper as to Defendant Ventron.

10.

Jurisdiction is proper as to Defendant Ventron.

11.

At all times mentioned herein, one or more Defendants owned, operated, controlled, and managed the Lakeshore Apartments, located at 1281 Brockett Road, Clarkston, Georgia 30021.

12.

On or about November 9, 2010, Plaintiff Tara Thapa was a resident of Lakeshore Apartments located at 1281 Brockett Road, Clarkston, Georgia 30021.

13.

On or about, November 9, 2010, while at his apartment, Plaintiff Tara Thapa was a victim of aggravated assault, aggravated battery and was physically attacked at the aforementioned apartment complex.

14.

During said attack, the assailant made various threats to Plaintiff.

15.

Plaintiff exercised ordinary care and diligence at all times herein and under the circumstances then existing.

16.

Defendants breached their duty owed to Plaintiff by failing to exercise ordinary care to keep its premises safe.

17.

Prior to and on November 9, 2010, the Lakeshore Apartments were negligently maintained, inspected, secured, patrolled and managed. Defendants had knowledge, both actual and constructive, of the need to properly maintain, secure, inspect, patrol and manage said property but failed to exercise ordinary care.

18.

Defendants had actual and constructive knowledge prior to the attack on Plaintiff that the security was inadequate at Defendants' apartment complex and created a dangerous condition for

Defendants' tenants and invitees. Defendants negligently failed to implement appropriate security measures at its property.

19.

Defendants had actual and constructive knowledge of criminal activity existing on and around its property prior to the attack on Plaintiff. Said prior criminal activity was negligently permitted to exist and remain at said premises.

20.

Defendants had actual and constructive knowledge of criminal activity existing at its property and in the neighborhood surrounding its property prior to the attack on Plaintiff, but negligently failed to warn Plaintiff.

21.

Defendants negligently failed to warn its residents and invitees, including Plaintiff, of the existence of the aforementioned criminal activity and the likelihood of further criminal attacks.

22.

Defendants negligently failed to maintain adequate security devices to permit proper use of the property, thereby causing an unreasonable risk of injury to its residents, including Plaintiff.

23.

At all times mentioned herein, Defendants controlled the management of the property and had the legal duty to keep the premises in a state consistent with the due regard of the safety of its residents and invitees, including Plaintiff Thapa. Defendants breached said duties to Plaintiff and failed to act as similarly situated businesses in like circumstances.

24.

Defendants were negligent in failing to maintain, inspect, secure, patrol and manage the premises at issue, thereby creating an unreasonable risk of injury to its residents, including Plaintiff.

25.

Defendants knew of, or with the exercise of due care for the safety of its residents should have known, of the dangerous and hazardous conditions existing on the premises and the failure to maintain, inspect, secure, patrol and manage the premises and that said conditions were likely to result in the injuries suffered by the Plaintiff.

26.

Defendants were and are *negligent per se*.

27.

Defendants had actual knowledge of the dangerous and hazardous conditions existing at the premises due to the direct knowledge of its employees and agents.

28.

Defendants had constructive knowledge of the dangerous and hazardous conditions existing on the premises through the knowledge of its employees and agents and due to the prior criminal activity and dangers associated with the property and surrounding areas.

29.

Defendants negligently failed to maintain a policy, procedure or system of investigating, reporting and warning of the aforementioned criminal activity and negligently maintained property.

30.

Defendants are liable for the assault and battery upon Plaintiff. Said assault and battery of Plaintiff was done without necessity, privilege, or consent.

31.

Because Defendants had knowledge of, or in the exercise of reasonable care, should have had knowledge of the dangerous environment of said property, Defendants are liable for the negligent supervision, hiring, training, and retention of its employees, agents, and apparent agent/employees and the entrustment of said property to its agents and employees. Said negligence was the proximate cause of the damages and injuries to Plaintiff.

32.

Defendants negligently and/or intentionally represented to Plaintiff and residents that the property at issue was properly maintained, safe and secure.

33.

Defendants negligently failed and contractually breached their duties to provide security protection, security personnel, deterrence, and/or an outside security presence on the property.

34.

Defendants negligently failed to act on their knowledge of prior crimes, and failed to act to correct, prevent, or warn of prior criminal activity, loitering, trespassing, and the dangerous environment of said property.

35.

Defendants failed to take appropriate action to remedy or reduce the danger to its invitees, including Plaintiff Thapa, and allowed the dangerous environment on the subject property to continue to exist unabated, thereby creating a nuisance.

36.

Defendants breached the rental contracts/agreements with Plaintiff.

37.

Defendants' negligence was a cause in fact and a proximate cause of Plaintiff's injuries.

38.

Defendants made representations and accepted a duty to provide security necessary to prevent the attack which occurred on November 9, 2010.

39.

Defendants accepted payment from Plaintiff in consideration for their duty and/or contractual obligation/duty to provide adequate security for Plaintiff at all times on the property.

40.

Defendants had a contract with Plaintiff to provide security to Plaintiff at the property.

41.

Defendants breached their duty to provide adequate security to prohibit the incident at issue.

42.

Plaintiff Thapa is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, punitive and/or other damages permitted.  Plaintiff states his intention to seek all compensatory, special, economic,

consequential, general, punitive, and all other damages permissible under Georgia Law, including, but not limited to:

a) Personal injuries;

b) Past, present and future pain and suffering;

c) Mental anguish;

d) Loss of the capacity for the enjoyment of life;

e) Impaired ability to labor;

f) Incidental expenses;

g) Loss of earning capacity;

h) Past, present and future medical expenses;

i) Permanent injuries; and

j) Consequential damages to be proven at trial.

43.

That each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all above stated acts were the proximate causes of the injuries to Plaintiff. Defendants are liable for Plaintiff's injuries sustained, pain and suffering, cost of treatment and all other elements of damages allowed under the laws of the State of Georgia.

44.

Plaintiff is entitled to an award of punitive damages, without limitation or cap, because the actions of Defendants and their agents and employees showed willful misconduct, malice, fraud, wantonness, oppression, and an entire want of care, which would raise the presumption of a conscious indifference to consequences and/or a specific intent to cause harm.

45.

Because Defendants' actions were and are stubbornly litigious, and have caused Plaintiff undue expense, Plaintiff is entitled to recover his necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action.  (O.C.G.A. § 13-6-11).  Furthermore, Plaintiff is entitled to all expenses of litigation and attorney's fees pursuant to all other Georgia statutory and common laws.

WHEREFORE, the Plaintiff prays that:

a)    Process issue and the Defendants be served as provided by law;

b)    He have trial by jury;

c)    He be awarded general, special, compensatory, incidental, consequential, punitive and all other permissible damages in accordance with the enlightened conscience of an impartial jury;

d)    For attorney's fees and cost of litigation in an amount which will be proven through the evidence at the time of trial;

e)    He be awarded interest and costs; and

f)    He be awarded such other and further relief as this Court deems just and proper and permitted under Georgia law.

TRIAL BY JURY IS HEREBY DEMANDED.

Respectfully submitted this 12th day of December, 2011.

**JAMES A. RICE, JR., P.C.**

*/s/ James A. Rice, Jr.*
James A. Rice, Jr.
Georgia State Bar No. 602811
Attorney for Plaintiff

563 Spring Street, NW
Atlanta, GA  30308
404-255-4448

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 41350173
Date: Dec 12 2011  5:02PM
Mark Harper, Clerk

**GEORGIA, FULTON COUNTY**

**STATE COURT OF FULTON COUNTY**

Civil Division

DO NOT WRITE IN THIS SPACE

CIVIL ACTION FILE NO. _____

*** NOTE-- DESIGNATED E-FILE CASE – ANSWER AND ALL PLEADINGS MUST BE E-FILED ****
CONTACT THE COURT AT 404.613.5040 AND
LEXISNEXIS CUSTOMER SUPPORT AT  1.888.529.7587

Plaintiff's Name, Address, City, State, Zip Code

Tara Thapa
c/o James A. Rice, Jr., her attorney
James A. Rice, Jr., P.C.
563 Spring Street, NW
Atlanta, GA 30308

**vs.**

Defendant's Name, Address, City, State, Zip Code

**Lakeshore Atlanta Apartments, LLLP**

**c/o Stewart Mack, Its Registered Agent**
**2200 Sullivan Road**
**College Park, GA  30337**

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL |
| | $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST |
| | $_____ |
| [ ] TORT | |
| [X] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [X] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name:            James A. Rice, Jr., JAMES A. RICE, JR., P.C.

Address:         563 Spring Street, NW

City, State, Zip Code:  Atlanta, Georgia 30308   Phone No.: 404-255-4448

An answer to the complaint which is herewith served on you is due within thirty (30) days after service on you, exclusive of the day of service.  If you fail to do  so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED,** via electronic filing through LexisNexis or, if desired, at the e-filing public access terminal in the Clerk's Office at 185 Central Ave., S.W., Room TG100,  Atlanta, GA 30303.

This _____ day of _____, 2011.

_____
Angela Dash Winfrey, Chief Deputy Clerk

     If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer.  Such paragraphs undenied will be taken as true.  If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.
     If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

This _____ day of _____, 20_____.            _____ Foreperson

(STAPLE TO FRONT OF COMPLAINT)

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 41350173
Date: Dec 12 2011 5:02PM
Mark Harper, Clerk

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**

Civil Division

CIVIL ACTION FILE NO. _____

*** NOTE-- DESIGNATED E-FILE CASE – ANSWER AND ALL PLEADINGS MUST BE E-FILED ****
CONTACT THE COURT AT 404.613.5040 AND
LEXISNEXIS CUSTOMER SUPPORT AT 1.888.529.7587

Plaintiff's Name, Address, City, State, Zip Code

Tara Thapa
c/o James A. Rice, Jr., her attorney
James A. Rice, Jr., P.C.
563 Spring Street, NW
Atlanta, GA 30308

vs.

Defendant's Name, Address, City, State, Zip Code

**Ventron Management, LLC**

**c/o Stewart Mack, Its Registered Agent**
**2200 Sullivan Road**
**College Park, GA 30337**

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT [ ] NOTE | INTEREST $_____ |
| [ ] TORT [X] PERSONAL INJURY [ ] FOREIGN JUDGMENT [ ] TROVER [ ] SPECIAL LIEN | ATTY. FEES $_____ COURT COST $_____ ************ |
| [X] NEW FILING [ ] RE-FILING: PREVIOUS CASE NO. | |

# SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name:          James A. Rice, Jr., JAMES A. RICE, JR., P.C.

Address:       563 Spring Street, NW

City, State, Zip Code: Atlanta, Georgia 30308  Phone No.: 404-255-4448

An answer to the complaint which is herewith served on you is due within thirty (30) days after service on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through LexisNexis or, if desired, at the e-filing public access terminal in the Clerk's Office at 185 Central Ave., S.W., Room TG100, Atlanta, GA 30303.

This _____ day of _____, 2011.

_____
Angela Dash Winfrey, Chief Deputy Clerk

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

This _____ day of _____, 20_____.     _____ Foreperson

(STAPLE TO FRONT OF COMPLAINT)

**State Court of Fulton County**
\*\*\*EFILED\*\*\*
LexisNexis Transaction ID: 41350173
Date: Dec 12 2011 5:02PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TARA THAPA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | |
| | ) | _____ |
| LAKESHORE ATLANTA APARTMENTS, | ) | |
| LLLP AND VENTRON MANAGEMENT, | ) | |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT**

Pursuant to O.C.G.A. § 9-11-26 et seq., Plaintiff hereby requests that Defendant respond separately in writing and under oath, to the following interrogatories as provided by law, with a copy of the responses being served upon the undersigned counsel of record for the Plaintiff at James A. Rice, Jr., P.C., 563 Spring Street NW, Atlanta, Georgia 30308.

## **DEFINITIONS AND INSTRUCTIONS**

A.     These interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, et seq., so as to require Defendant to serve upon all parties supplemental answers if Defendant or its attorneys obtain further information between the time the answers are served and the time of trial.

B.     "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, and sound material.

C.     "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D.      The "incident" is the November 9, 2010 incident at the Lakeshore Apartments located at 1281 Brockett Road, Clarkston, Georgia 30021, where Tara Thapa was assaulted.

E.      The "apartments" are the Lakeshore Apartments located at 1281 Brockett Road, Clarkston, Georgia 30021, where Tara Thapa was assaulted..

F.      The assault is used interchangeably with "the incident."

## INTERROGATORIES

### 1.

Please identify the person(s) who owned, managed and were in control, at the time of the occurrence alleged in the Complaint, the premises referred to in the Complaint where the incident involving Tara Thapa occurred.  If the ownership, management, control, or maintenance changed at any time since said occurrence, please identify every subsequent person or entity.

### 2.

Please state whether Defendant has received any complaints or notice of any nature regarding security problems or criminal activity at the Lakeshore Apartments prior to the incident at issue in this case (November 9, 2010).  If so, please state the substance, dates and people involved in any such complaints or notice.

### 3.

In the past five (5) years, has the Lakeshore Apartments had any complaints or incidents of shooting, murders, burglary, assault, and/or battery, forced entry into an apartment, or any violent crimes on the premises?  If you answer yes, for each such occurrence please state the nature of the occurrence; the date of the occurrence; the individuals involved; how you became aware of the incident; whether any legal suit arose out of it and the outcome of such claims, if any; and what your company did to remedy the situation.

4.

Please state what, if any, knowledge Defendant had prior to the incident complained of regarding any crimes on the premises of the apartments complex in question within the five (5) years before November 9, 2010.

5.

Please identify when Tara Thapa entered into a lease with the Lakeshore Apartments, the duration of the lease, all renewals, and any documentation that was provided to her at the time he leased the apartment.

6.

Please identify the person(s) who investigated the attack on Tara Thapa after the incident on the day in question, the nature of the investigation, and the results of said investigation.

7.

Please identify any insurance company which may be liable to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, state the policy number for each such policy and the limits of liability coverage for each policy of insurance which may be applicable to pay part or all of a judgment rendered versus the Defendant.

8.

State the names and addresses of any persons, employees, witnesses or independent contractors at the apartment complex at issue of at the time of the subject incident and within one hour prior to it and one hour after it.

9.

What, if anything, was done by Defendant in an attempt to avoid the incident complained of or other instances of criminal activity?

10.

Please describe how you contend the occurrence complained of in this action happened, giving all of the events in detail and in the order in which they occurred, before, at the time of, and after the occurrence, which had any bearing on the cause or manner of the happening of this occurrence.

11.

Please state the names, addresses, telephone numbers and places of employment of all persons known to you, either from your own investigation or from any investigation made on your behalf:

(a)     who may have seen any part of the occurrence complained of; or who may have or claim to have arrived at the scene of the occurrence complained of immediately or shortly after its happening;

(b)     who have any knowledge regarding the facts or circumstances surrounding the happening of the incident complained of.

12.

Please state the factual basis for each defense or denial raised in your Answer and identify specifically each and every statute, ordinance, regulation, rule, code or industry standard of any kind which you, your expert or other witness will rely upon in support of any of your defenses in this lawsuit.

13.

Please state the names, residence and business addresses and business telephone numbers, of all persons whom you expect to call or may call as expert witnesses at trial.  With respect to each person, state:

(a)     The specific subject matter on which you expect such expert to testify;

(b)     the substance of the facts, opinions and conclusions which you expect such

        expert to testify;

(c)     the grounds for each such opinion or conclusion;

(d)     whether any of such persons have prepared or provided you with a written or

        recorded statement, or report concerning their investigation or study, or the facts

        found by them, or the conclusions or opinions arrived at by them or the grounds

        of their opinions or conclusions.  If so, state the date of each such report or

        statement, and the names and addresses of all persons who have a copy of such

        report or statement.

(e)     the name, business telephone number and business address, of each person

        you retained or specially employed in the anticipation of litigation or preparation

        for trial whom you do not expect to call as a witness at the trial of the case.

14.

As to each statement or report, written, taped or otherwise, which has been made by any

person concerning the occurrence complained of, please describe each such statement or report,

giving as to each such statement or report the name of the person giving such statement or report,

the date of same, and the present location of such statement or report or any copy hereof.

15.

If you, your attorney, your insurance carrier or anyone acting on your or their behalf,

have or know of any photographs, motion pictures, maps, drawings, diagrams, measurements,

surveys or other descriptions concerning the events and happenings alleged in the Complaint,

scene of the incident, the area, or persons involved, as to each such item, please identify or

produce such document(s) and state:

(a)     what each such item purports to show, illustrate or represent;

(b)      the date it was made or taken and by whom; and

(c)      the name and address of the person having custody of such item.

16.

Please list the names, addresses, phone numbers, and job titles of every individual employed to work at the Lakeshore Apartments on November 9, 2010.

17.

Please describe the November 9, 2010, security plan that Defendant had for the apartment complex in question, including but not limited to the number of security employees at the time of the incident complained of, the names and addresses of those employees, the shift schedules, system of patrol, the duties of the security personnel, system of stationing security personnel, and policies or plan used by the security personnel when a security complaint is received.

18.

Please describe the reporting and investigative practices for security complaints or criminal activity at the apartment complex in question, including but not limited to how such complaints are reported and who is responsible for reviewing complaints.

19.

Please state whether any agent or employee of Defendant has ever called the police regarding criminal activity or a complaint and/or disturbance at the apartment complex at issue. If so, please state the date of the call, the date of the incident complained of, the caller, the location of the incident, the circumstances of the incident, and the names and addresses of all individuals involved with such incident.

20.

Please identify each management level employee employed by Lakeshore Apartments from November 9, 2005 through November 9, 2010. For each such person, please state the following:

(a)     the present name, address, and phone number;

(b)     the management level of that employee;

(c)     whether these individuals are still employed at the apartments;

(d)     where that person is presently employed; and

(e)     the present work address and phone number.

21.

Please explain what, if any, security prevention or related security training all employees at Lakeshore Apartments received within the course of their employment.

22.

Please describe each and every warning that you claim was provided to Tara Thapa regarding any danger associated with the premises or vicinity of the premises.

23.

Please identify any changes that were implemented or made as a result of the incident forming the basis of Plaintiff's Complaint.

24.

Please identify all persons who have in any way investigated the claims made in this lawsuit, and whether each has made a written record of the investigation, and state the substance or result of their investigation.

25.

Please list each act of negligence, contributory negligence, or comparative negligence you contend Tara Thapa or any other person or entity, did or failed to do which in any way contributed to the subject occurrence and/or to Tara Thapa's injuries.

26.

Please identify with specificity all civil claims or complaints made against you or to the apartment complex at issue, either before or after the incident that is the subject matter of this litigation, including the date, time and place of occurrence; the name, address and telephone number of all parties involved in said accident; the address of all investigating people or departments, personal injuries and property damage, if any, claimed in such incident; a short description of how the incident occurred, and whether suit was filed.

27.

State the substance of each conversation you had with Plaintiff at the time of or at any time following the occurrence giving rise to this lawsuit, or any statement that you claim was a statement made by Plaintiff or his agents.

28.

If you deny that Tara Thapa suffered injuries and damages in the incident which is the subject of his Complaint, state all facts supporting your denial that Tara Thapa was injured and/or suffered damages.

29.

Please identify all potential parties, individuals, entities or other person that you contend are indispensable parties or that would be liable for any judgment obtained by Plaintiff in this action.

30.

Please state whether you have attempted to survey or observe Tara Thapa at any time before the incident forming the basis of Plaintiff's Complaint, and state whether any video tapes or pictures were taken of Tara Thapa, the date(s) surveillance was conducted, and the person who conducted the surveillance or observation. (NOTE: This interrogatory is broad and seeks to discover all post-incident surveillance even if such attempts were unsuccessful.)

31.

Please state the factual basis for your assertions, if any, that this Court lacks jurisdiction or venue over this Defendant, that there has been an insufficiency of process of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon the Defendant.

32.

Please identify any and all documentary or other tangible evidence, not previously identified or produced, which you believe demonstrates and/or supports facts relevant to the claims and/or defenses in this case.

33.

Please identify any information you claim you or your agents, attorneys, servants, or employees have indicating whether any witness has been convicted or pleaded guilty to a crime.

34.

Please identify in detail any and all claims or facts that any other person or entity is responsible for any aspect of Plaintiff's claims and damages as referenced in the Complaint.

35.

If there was an investigation made of the incident that forms the basis of this suit, please state whether the Defendant conducted such investigation in anticipation of litigation, and if so,

state each fact of which defendant was aware of at the time of the investigation that caused it to believe that it was conducting the investigation in anticipation of litigation.

36.

Please identify all complaints about forced or undesired entries into apartments that you are aware of, have been reported, or complained of at any time prior to Plaintiff's assault of November 9, 2010, at the apartment complex in question.

37.

Please identify all personnel directly responsible for security, all security officers, all persons in contact with security, or other people of any nature that had security responsibility for the premises for the day in question and two years beforehand.

38.

Please identify all action you took, including the person, name, date, and address of the person who took the action, regarding any investigation on your part into prior criminal activity at your property or property neighboring that of Defendant or in the same community.

39.

If management had concerns about security measures and issues for the apartment complex at issue before November 9, 2010, please identify all written documentation reflecting the same, all people involved in issuing any policies and procedures regarding the same, and specific company conversations or directives regarding same.

40.

Please identify all employees of the Lakeshore Apartments for the five (5) years preceding the incident complained of in Plaintiff's Complaint.

41.

Have you had any complaints or reports of any nature by anybody about problems with the security at the complex at issue?  If so, please explain in detail, identify the person's name, address, date of birth, the date of the report, and please produce any documents regarding same.

Respectfully submitted this 12th day of December, 2011.


**JAMES A. RICE, JR., P.C.**


*/s/ James A. Rice, Jr.*
James A. Rice, Jr.
Georgia State Bar No. 602811
Attorney for Plaintiff

563 Spring Street, NW
Atlanta, GA  30308
404-255-4448

**State Court of Fulton County**
***EFILED***
LexisNexis Transaction ID: 41350173
Date:  Dec 12 2011 5:02PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TARA THAPA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | |
| | ) | |
| LAKESHORE ATLANTA APARTMENTS, | ) | _____ |
| LLLP AND VENTRON MANAGEMENT, | ) | |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE DOCUMENTS TO EACH DEFENDANT

Pursuant to O.C.G.A. § 9-11-26, et seq., and O.C.G.A. § 24-10-26, et seq., Plaintiff

hereby requests that EACH Defendant respond separately, in writing and under oath to the

following request for production of documents within forty-five (45) days from the date of

service as provided by law, with a copy of the responses being served upon the undersigned

counsel of record for the Plaintiff at James A. Rice, Jr., P.C., 563 Spring Street NW, Atlanta, GA

30308.

### DEFINITIONS AND INSTRUCTIONS

A.      These interrogatories shall be deemed continuing to the extent permitted by

O.C.G.A. § 9-11-26, et seq., so as to require Defendant to serve upon all parties supplemental

answers if Defendant or its attorneys obtain further information between the time the answers are

served and the time of trial.

B.      "Document," whether singular or plural, means documents and other tangible

things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include

without limitation originals or, if such are not available, true copies, including copies of

documents, videotapes, computer data, and sound material.

C.      "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D.      The "incident" is the November 9, 2010 incident at the Lakeshore Apartments located at 1281 Brockett Road, Clarkston, Georgia 30021, where Tara Thapa was assaulted.

E.      The "apartments" are the Lakeshore Apartments located at 1281 Brockett Road, Clarkston, Georgia 30021, where Tara Thapa was assaulted..

F.      The assault is used interchangeably with "the incident."

## REQUEST FOR PRODUCTION

Each Defendant is requested to produce each of the following:

1.

Copies of any and all logs, incident reports, investigative memoranda, photographs, documents and charts or graphs relating to matters which are the subject of this Complaint.

2.

Copies of any and all statements, whether recorded, oral or otherwise, in your control or obtained in your behalf, of any person relating to the incident complained of in the Complaint.

3.

Copies of any and all documents that in any way mention or refer to any criminal activity at the Lakeshore Apartments or any residential rental building that any Defendant owns, or has owned, at anytime before November 9, 2010.

4.

Copies of any and all reports, inner-office memoranda or other documents relating to matters which are the subject of this Complaint which were prepared in the normal course of business.

5.

Copies of any and all photographs regarding this case.

6.

Please identify all documents you possess regarding any repairs or maintenance performed on any of the apartments at the subject apartment complex which was necessary due to a break-in, burglary, shooting, home invasion or any other criminal activity.

7.

All police reports or incident reports you possess regarding this event or any other crime at the apartment complex at question.

8.

All documents generated or created before suit was instituted in this action regarding the November 9, 2010.incident.

9.

Copies of any and all insurance policies and related documents, including the declaration pages, which do or may afford liability insurance coverage to Defendant with regard to Plaintiff's claims against Defendant.  This request includes primary insurance coverage, excess insurance coverage, or any other type of liability insurance coverage, medical-payments coverage, and documents regarding reservation of rights for same.

10.

Copies of any and all documentary evidence which is relevant to any issue in this action or which might lead to the production of other evidence which is admissible.

11.

Copies of any and all reports, memorandum or notes from any individual who has investigated any aspect or element of the subject incident.

12.

Copies of all employee agreements, policies, and procedure manuals regarding the hiring and training of employees at Lakeshore Apartments or any independent security company.

13.

Copies of any and all claims forms, accident reports, or other documentation evidencing prior or subsequent complaints or problems with the security of the premises in question.

14.

Copies of all documents, logs or incident reports involving any crimes at the property in question for the ten (10) years prior to November 9, 2010.

15.

All documents relating to violent crime ever occurring at the property at issue.

16.

All documents relating to security, and any security measure considered or undertaken by Defendant for the property in question for anytime prior to November 9, 2010.

17.

All documents relating to changes in security, and any security measure considered, but not implemented by Defendant for the property in question for anytime prior to November 9, 2010.

18.

All documents, photographs, and drawings that depict the layout of the premises in question, including documentation reflecting the layout of the area where Tara Thapa was assaulted.  Please provide all architectural plans, drawings, or designs of the apartment complex in question.

19.

All documents relating to crimes or assaults at the premises in question.

20.

All documents pertaining to employee and security training, including all policies and procedure manuals governing the employees at the Lakeshore Apartments in question.

21.

All documents reflecting criminal activity at the premises in question.

22.

All documents evidencing, reflecting, relating to or constituting any communication between Defendant and Tara Thapa.

23.

All documents evidencing, reflecting, relating to or constituting an accident or incident report regarding the occurrence forming the basis of this lawsuit.

24.

The entire lease agreement/contract with Tara Thapa and his entire file maintained by the Defendant.

25.

All documents that you receive in response to your Requests for Production of Documents and/or subpoenas to non-parties.

26.

All documents, pleadings and/or exhibits filed, served or prepared in connection with any negligent security related litigation involving personal injuries where Defendant has been a party and involving the premises in question for the past ten (10) years.

27.

Any and all documentary evidence or other tangible evidence which relates, or is reasonably calculated to lead to the discovery of relevant or admissible evidence, regarding any of the Plaintiff's claims in this action or Defendant's defenses.

28.

Please produce all reports received from any experts who have investigated any issue relevant to the subject incident and relevant to this lawsuit. Also, produce all materials relied upon by each expert in formulating their opinions and conclusions.

29.

Please produce all claim forms, accident reports, or other documentation evidencing prior or subsequent complaints, problems, injuries or security issues occurring on the premises where Tara Thapa was assaulted.

30.

Please produce any and all documents, including employee handbooks, policy or procedure manuals, or videotapes of Defendant's policies regarding safety, training, crime prevention, crime deterrents, loss prevention or any security measures at the premises forming the basis of Plaintiff's Complaint.  This includes any and all policy and procedure manuals of any nature.

31.

For the date in question, and the two weeks before and two weeks after, please produce the work schedules for all employees (regarding the premises in question) employed by Defendant.

32.

Each and every document between Defendant and any independent security company.

33.

Please provide all contract agreements or documents of any nature entered into between the Defendant and any other individual or company regarding the security of the premises in question.

34.

Please provide all notes, memoranda, minutes and all other written evidence of safety meetings held by Defendant, your employees, agents or independent contractors, for the past five (5) years.

35.

All budgets for security at the property in question.

36.

All work orders, maintenance requests, or other documents reflecting repairs or requests for repairs as it relates to any breaking and entry at your premises.

37.

Copies of all Lakeshore Apartments newsletters, advertisements or flyers for the 5 years before the incident in question.

38.

All videotapes of the incident from any closed circuit television.

39.

All work orders, maintenance requests, or other documents reflecting repairs, upgrades, requests for repairs or installation of additional locks or security for any apartment in the complex at issue.

You are requested to comply with said requests by producing and permitting the Plaintiff's attorney to inspect and copy the documents requested.  In lieu of appearance at a

document production, you may instead mail true and accurate copies of all documents or

evidence to Plaintiff at James A. Rice, Jr., P.C., 563 Spring Street NW, Atlanta, GA 30308.

Respectfully submitted this 12<u>th</u> day of December, 2011.


JAMES A. RICE, JR., P.C.


<u>/s/ James A. Rice, Jr.</u>
James A. Rice, Jr.
Georgia State Bar No. 602811
Attorney for Plaintiff

563 Spring Street, NW
Atlanta, GA  30308
404-255-4448

**State Court of Fulton County**
***EFILED***
LexisNexis Transaction ID: 41350173
Date:  Dec 12 2011  5:02PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TARA THAPA,                              )
                                         )
     Plaintiff,                         )
                                         )          CIVIL ACTION FILE NO.
v.                                       )
                                         )          _____
LAKESHORE ATLANTA APARTMENTS,            )
LLLP AND VENTRON MANAGEMENT,             )
LLC,                                     )
                                         )
     Defendant.                         )

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO EACH DEFENDANT

     COMES NOW Plaintiff and serves upon each Defendant his Requests for Admissions, pursuant to O.C.G.A. § 9-11-36, with Georgia law dictating that each Defendant must provide a written reply admitting or denying each portion of the following Requests for Admissions within forty-five (45) days of service thereof.

## DEFINITIONS AND INSTRUCTIONS

     A.    These interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, et seq., so as to require Defendant to serve upon all parties supplemental answers if Defendant or its attorneys obtain further information between the time the answers are served and the time of trial.

     B.    "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, and sound material.

     C.    "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D.      The "incident" is the November 9, 2010 incident at the Lakeshore Apartments located at 1281 Brockett Road, Clarkston, Georgia 30021, where Tara Thapa was assaulted.

E.      The "apartments" are the Lakeshore Apartments located at 1281 Brockett Road, Clarkston, Georgia 30021, where Tara Thapa was assaulted..

F.      The assault is used interchangeably with "the incident."

## REQUEST FOR ADMISSIONS

1.

Lakeshore Atlanta Apartments, LLLP was the owner of the Lakeshore Apartments on November 9, 2010.

2.

Ventron Management, LLC was the management company for the Lakeshore Apartments on November 9, 2010.

3.

A person or entity other than or in addition to Defendant Lakeshore Atlanta Apartments, LLLP owned the Lakeshore Apartments on November 9, 2010.

4.

A person or entity other than or in addition to Defendant Ventron Management, LLC managed the Lakeshore Apartments on November 9, 2010.

5.

You contend that another person or entity caused the incident at issue.

6.

You have facts that support the contention that another person or entity caused or contributed to the incident at issue.

7.

Service is proper as to Defendant Lakeshore Atlanta Apartments, LLLP.

8.

Venue is proper as to Defendant Lakeshore Atlanta Apartments, LLLP.

9.

Jurisdiction is proper as to Defendant Lakeshore Atlanta Apartments, LLLP.

7.

Service is proper as to Defendant Ventron Management, LLC.

8.

Venue is proper as to Defendant Ventron Management, LLC.

9.

Jurisdiction is proper as to Defendant Ventron Management, LLC.

Respectfully submitted this 12th day of December, 2011.


**JAMES A. RICE, JR., P.C.**


*/s/ James A. Rice, Jr.*
James A. Rice, Jr.
Georgia State Bar No. 602811
Attorney for Plaintiff

563 Spring Street, NW
Atlanta, GA  30308
404-255-4448

**State Court of Fulton County**
***EFILED***
LexisNexis Transaction ID: 41707457
Date: Jan  5 2012 2:22PM
Mark Harper, Clerk

## MEMORANDUM

| | |
|---|---|
| **TO:** | **All Judges, Clerks of Court and Counsel of Record** |
| **From:** | **James A. Rice, Jr.** |
| **Date:** | **January 5, 2012** |
| **Re:** | **Notice of Leave of Absence** |

COMES NOW, **James A. Rice, Jr.** and respectfully notifies all Judges before whom he has cases pending, all affecting Clerks of Court, and all opposing counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16.

The periods of leave during which time **James A. Rice, Jr.** will be away from the practice of law are the following: January 12-18, 2012, February 16-21, 2012, March 1-12, 2012, May 24-29, 2012, June 25 – July 10, 2012, August 30 – September 4, 2012, October 29-31, 2012, November 1-5, 2012, November 19-21, 2012, December 6-10, 2012, December 17-23, 2012 and January 2-7, 2013.

All affected Judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it. If no objections are filed, the leave shall be granted.

This 5th day of January, 2012.

JAMES A. RICE, JR., P.C.

James A. Rice, Jr
Georgia State Bar No. 602811

563 Spring Street, NW
Atlanta, Georgia  30308
(404) 255-4448

## CERTIFICATE OF SERVICE

This is to certify that I have this date served a copy of the foregoing Notice of Leave of Absence of JAMES A. RICE, JR. upon all judges, Clerks of Court and opposing counsel listed on the attached Exhibit "A" by depositing a copy of same in the United States Mail with adequate postage affixed hereto.

This 5th day of January, 2012.

JAMES A. RICE, JR., P.C.

_____

James A. Rice, Jr.

Georgia State Bar No. 602811

563 Spring Street, NW
Atlanta, Georgia  30308
(404) 255-4448

## EXHIBIT "A"

1. *Terrica Adams v. Hometowne Communities, Inc.*
   State Court of Fulton County
   Civil Action File No.: 11EV011920E
   **Judge:** Honorable Brenda Cole
   **Clerk:** Mark N. Harper
   **Opposing Counsel:** Thomas Sippel

2. *Toby Archer v. Vrastinas Construction, et al.*
   State Court of Fulton County
   Civil Action File No.: 10EV009500B
   **Judge:** Honorable Patsy Porter
   **Clerk:** Mark N. Harper
   **Opposing Counsel:** B. Brent Terry, Andrea Alexander Guariglia and Richard C. Foster

3. *Eugene F. Assaf v. Gerald Bernard Stein*
   State Court of Fulton County
   Civil Action File No.: 10EV010808E
   **Judge:** Honorable Brenda Cole
   **Clerk:** Mark N. Harper
   **Opposing Counsel:** David M. Abercrombie and Judy Aust

4. *Aimee Baron v. Yong Han*
   State Court of Fulton County
   Civil Action File No.: 10EV011461C
   **Judge:** Honorable Myra Dixon
   **Clerk:** Mark N. Harper
   **Opposing Counsel:** Joseph Perrotta, April Hoellman and Robert J. Stevens

5. *Amanda Baxter v. Laquita Robinson*
   State Court of Fulton County
   Civil Action File No.: 11EV013361C
   **Judge:** Honorable Myra Dixon
   **Clerk:** Mark N. Harper
   **Opposing Counsel:** Lynn Betz

6. *Isabel Bowers, et al. v. Diana Elaine Cohen*
   State Court of Fulton County
   Civil Action File No.: 11EV013083-C
   **Judge:** Honorable Myra Dixon
   **Clerk:** Mark N. Harper
   **Opposing Counsel:** Roosevelt Hamb

7.    *Vincent Chitwood v. Vratsinas Construction Company, et al.*
      State Court of Fulton County
      Civil Action File No.: 2009EV006903B
      **Judge:** Honorable Patsy Porter
      **Clerk:** Mark N. Harper
      **Opposing Counsel:**  B. Brent Terry, Andrea Alexander Guariglia and Richard C. Foster

8.    *Edward Chrisp v.* James Eric Beard, et al.
      State Court of Fulton County
      Civil Action File No.: 11EV012283F
      **Judge:** Honorable Susan Forsling
      **Clerk:** Mark N. Harper
      **Opposing Counsel:**  Evan Mermelstein

9.    *Gabriel Claramunt v. The Home Depot, Inc., et al.*
      State Court of Fulton County
      Civil Action File No.: 11EV013992F
      **Judge:** Honorable Susan Forsling
      **Clerk:** Mark N. Harper
      **Opposing Counsel:**   Registered Agent, Brown Jet Center, Inc.
                              Registered Agent, Teresa Jan Gillespie
                              Registered Agent, David M. Gibbs

10.   *David Disney v. The Mansion Hotel On Forsyth Park, Inc. and The Mansion On Forsyth Park, LP*
      State Court of Fulton County
      Civil Action File No.: 2009EV007502J
      **Judge:** Honorable Diane E. Bessen
      **Clerk:** Mark N. Harper
      **Opposing Counsel:**  W. Winston Briggs

11.   *Krystal Edwards, et al. v. Ralt, Inc., et al.*
      State Court of Fulton County
      Civil Action File No.: 10EV011546E
      **Judge:** Honorable Brenda Cole
      **Clerk:** Mark N. Harper
      **Opposing Counsel:**  George Sparrow and Craig White

12.   *Shirley Evans v. Tanesha Spalding*
      State Court of Fulton County
      Civil Action File No.: 10EV010430F
      **Judge:** Honorable Susan Forsling
      **Clerk:** Mark N. Harper
      **Opposing Counsel:**  Tanesha Spalding (*pro se*)

13. *H.E. an adult female v. Bel-Eqr Highland Grove, LLC, et al.*
    State Court of Fulton County
    Civil Action File No.: 11EV013026D
    **Judge:** Honorable Susan Edlein
    **Clerk:** Mark N. Harper
    **Opposing Counsel:** J. Michael Williams and Joseph Quirk

14. *Lawrence Jackson v. Justin's Restaurant, Inc.*
    State Court of Fulton County
    Civil Action File No.:    11EV012748A
    **Judge:** Honorable Jay Roth
    **Clerk:** Mark N. Harper
    **Opposing Counsel:** John P. Reale

15. *Alicia Jarvis v. Georgia World Congress Center Authority, et al.*
    State Court of Fulton County
    Civil Action File No.: 10EV010884C
    **Judge:** Honorable Myra Dixon
    **Clerk:** Mark N. Harper
    **Opposing Counsel:** Stephen A. Yaklin and Bryon A. Thernes

16. *Patricia Kingsby v. Eula Strickland*
    State Court of Fulton County
    Civil Action File No. 11EV012963D
    **Judge:** Honorable Susan Edlein
    **Clerk:** Mark N. Harper
    **Opposing Counsel:** Alycia Foggs-Anderson

17. *John Largent v. Osmond V. Reynolds, et al.*
    State Court of Fulton County
    Civil Action File No. 11EV012761Y
    **Judge:** Honorable Fred Eady
    **Clerk:** Mark N. Harper
    **Opposing Counsel:** Steven Prelutsky

18. *Ernest Litterick v. Jacqueline Coe, et al.*
    State Court of Fulton County
    Civil Action File No. 11EV012299A
    **Judge:** Honorable Jay Roth
    **Clerk:** Mark N. Harper
    **Opposing Counsel:** John Allen and Mark Bardack

19. *Michael Parker v. Robert Ryles Smith*
    State Court of Fulton County
    Civil Action File No. 11EV013434E
    **Judge:** Honorable Brenda Cole
    **Clerk:** Mark N. Harper
    **Opposing Counsel:** Louis McLendon

20. *Jelesia Pressley v. Laquita Robinson*
    State Court of Fulton County
    Civil Action File No.: 11EV013978J
    **Judge:** Honorable Diane E. Bessen
    **Clerk:** Mark N. Harper
    **Opposing Counsel:** Lynn Betz

21. *Rick Todd Raterink v. Gabriella Mulholland*
    State Court of Fulton County
    Civil Action File No.: 11EV012256Y
    **Judge:** Honorable Fred Eady
    **Clerk:** Mark N. Harper
    **Opposing Counsel:** Lynn Betz

22. *Luis Vazquez-Escobar v. Gables Residential Serivces, Inc., et al.*
    State Court of Fulton County
    Civil Action File No.: 10EV010298C
    **Judge:** Honorable Myra Dixon
    **Clerk:** Mark N. Harper
    **Opposing Counsel:** Matthew G. Moffett and W. Jason Pettus

23. *Julius Viverette and Rodney Turner, Sr., et al. v. Miles Properties, Inc.*
    State Court of Fulton County
    Civil Action File No.: 2009EV008781C
    **Judge:** Honorable Myra Dixon
    **Clerk:** Mark N. Harper
    **Opposing Counsel:** Alan Herman and Allison Bloom

24. *Patrick Whaley v. Tivoli Properties, Inc., et al.*
    State Court of Fulton County
    Civil Action File No.: 10EV010551A
    **Judge:** Honorable Jay Roth
    **Clerk:** Mark N. Harper
    **Opposing Counsel:** Allison Warner Vann

25. *Robert Kirschenbaum, et al. v. MSB Apartments, LLC, et al.*
State Court of Fulton County
Civil Action File No.: 11EV011837D
**Judge:** Honorable Susan Edlein
**Clerk:** Mark N. Harper
**Opposing Counsel:** MSB Apartments, LLC *(pro se)*

26. *Zenobia Davis v. Sears Holding Management Corporation, et al.*
State Court of Fulton County
Civil Action File No.: 10EV0116073
**Judge:** Honorable Patsy Porter
**Clerk:** Mark N. Harper
**Opposing Counsel:** Jay M. O'Brien and Nicole Stout

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 41815104
Date: Jan 11 2012 3:33PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TARA THAPA,                          )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )        CIVIL ACTION
                                     )        NO. 2011-EV-013994-Y
LAKESHORE ATLANTA                    )
APARTMENTS, LLLP and                 )
VENTRON MANAGEMENT, LLC,             )
                                     )
        Defendants.                  )

## DEFENDANTS' ANSWER AND DEFENSES
## TO PLAINTIFF'S COMPLAINT

COME NOW defendants Lakeshore Atlanta Apartments, LLLP ("Lakeshore") and Ventron Management, LLC ("Ventron") (collectively, "defendants"), by way of special appearance and without waiving but specifically reserving all jurisdictional defenses available to them, and submit their answer and defenses to plaintiff's complaint, showing the Court as follows:

## FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

In response to the numbered paragraphs of plaintiff's complaint, defendants answer as follows:

### 1.

Responding to the allegations contained in paragraph 1 of plaintiff's complaint, defendants admit that (1) Lakeshore is a foreign for-profit limited partnership, (2) Fulton County is one of multiple potential venues for this case, and (3) Lakeshore may be served via its registered agent, Mark Stewart, who is located at 2210 Sullivan Road, College Park, Georgia 30337.   Defendants deny the remaining allegations contained in paragraph 6 of plaintiff's complaint.

### 2.

Responding to the allegations contained in paragraph 2 of plaintiff's complaint, defendants admit that Lakeshore owned the premises known as Lakeshore Apartments on November 9, 2010.   Defendants deny the remaining allegations contained in paragraph 2 of plaintiff's complaint.

### 3.

Responding to the allegations contained in paragraph 3 of plaintiff's complaint, defendants admit that Fulton County is one of multiple potential venues

for this case.  Defendants deny the remaining allegations contained in paragraph 3 of plaintiff's complaint.

4.

Defendants deny the allegations contained in paragraph 4 of plaintiff's complaint.

5.

Defendants deny the allegations contained in paragraph 5 of plaintiff's complaint.

6.

Responding to the allegations contained in paragraph 8 of plaintiff's complaint, defendants admit that (1) Ventron is a foreign for-profit limited liability company, (2) Fulton County is one of multiple potential venues for this case, and (3) Ventron may be served via its registered agent, Mark Stewart, who is located at 2200 Sullivan Road, College Park, Georgia 30337.  Defendants deny the remaining allegations contained in paragraph 6 of plaintiff's complaint.

7.

Responding to the allegations contained in paragraph 7 of plaintiff's complaint, defendants admit that Ventron provided management services for the

premises known as Lakeshore Apartments on November 9, 2010.  Defendants deny the remaining allegations contained in paragraph 7 of plaintiff's complaint.

8.

Responding to the allegations contained in paragraph 8 of plaintiff's complaint, defendants admit that Fulton County is one of multiple potential venues for this case.  Defendants deny the remaining allegations contained in paragraph 8 of plaintiff's complaint.

9.

Defendants deny the allegations contained in paragraph 9 of plaintiff's complaint.

10.

Defendants deny the allegations contained in paragraph 10 of plaintiff's complaint.

11.

Responding to the allegations contained in paragraph 11 of plaintiff's complaint, defendants admit that (1) Lakeshore owned the premises known as Lakeshore Apartments on November 9, 2010, and (2) Ventron provided management services for the premises known as Lakeshore Apartments on

November 9, 2010.  Defendants deny the remaining allegations contained in paragraph 11 of plaintiff's complaint.

12.

Defendants admit the allegations contained in paragraph 12 of plaintiff's complaint.

13.

Defendants can neither admit nor deny the allegations contained in paragraph 13 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

14.

Defendants can neither admit nor deny the allegations contained in paragraph 14 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

15.

Defendants can neither admit nor deny the allegations contained in paragraph 15 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

16.

Defendants deny the allegations contained in paragraph 16 of plaintiff's complaint.

17.

Defendants deny the allegations contained in paragraph 17 of plaintiff's complaint.

18.

Defendants deny the allegations contained in paragraph 18 of plaintiff's complaint.

19.

Defendants admit the allegations contained in the first sentence in paragraph 19 of plaintiff's complaint.   Defendants deny the allegations contained in the second sentence in paragraph 19 of plaintiff's complaint.

20.

Responding to the allegations contained in paragraph 20 of plaintiff's complaint, defendants admit that they were generally aware that crime had occurred on and around its premises before the incident involving plaintiff. Defendants deny the remaining allegations contained in paragraph 20 of plaintiff's complaint.

21.

Defendants deny the allegations contained in paragraph 21 of plaintiff's complaint.

22.

Defendants deny the allegations contained in paragraph 22 of plaintiff's complaint.

23.

Defendants deny in the form and manner alleged the allegations contained in the first sentence in paragraph 23 of plaintiff's complaint. Defendants deny the allegations contained in the second sentence in paragraph 23 of plaintiff's complaint.

24.

Defendants deny the allegations contained in paragraph 24 of plaintiff's complaint.

25.

Defendants deny the allegations contained in paragraph 25 of plaintiff's complaint.

26.

Defendants deny the allegations contained in paragraph 26 of plaintiff's complaint.

27.

Defendants deny in the form and manner alleged the allegations contained in paragraph 27 of plaintiff's complaint.

28.

Defendants deny in the form and manner alleged the allegations contained in paragraph 28 of plaintiff's complaint.

29.

Defendants deny the allegations contained in paragraph 29 of plaintiff's complaint.

30.

Defendants deny the allegations contained in the first sentence in paragraph 30 of plaintiff's complaint. Defendants can neither admit nor deny the allegations contained in the second sentence in paragraph 30 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

31.

Defendants deny the allegations contained in paragraph 31 of plaintiff's complaint.

32.

Defendants deny in the form and manner alleged the allegations contained in paragraph 32 of plaintiff's complaint.

33.

Defendants deny the allegations contained in paragraph 33 of plaintiff's complaint.

34.

Defendants deny the allegations contained in paragraph 34 of plaintiff's complaint.

35.

Defendants deny the allegations contained in paragraph 35 of plaintiff's complaint.

36.

Defendants deny the allegations contained in paragraph 36 of plaintiff's complaint.

37.

Defendants deny the allegations contained in paragraph 37 of plaintiff's complaint.

38.

Defendants deny the allegations contained in paragraph 38 of plaintiff's complaint.

39.

Defendants deny the allegations contained in paragraph 39 of plaintiff's complaint.

40.

Defendants deny the allegations contained in paragraph 40 of plaintiff's complaint.

41.

Defendants deny the allegations contained in paragraph 41 of plaintiff's complaint.

42.

Defendants deny the allegations contained in paragraph 42 of plaintiff's complaint, including subparagraphs (a) through (j).

43.

Defendants deny the allegations contained in paragraph 43 of plaintiff's complaint.

44.

Defendants deny the allegations contained in paragraph 44 of plaintiff's complaint.

45.

Defendants deny the allegations contained in paragraph 45 of plaintiff's complaint.

46.

Responding to the unnumbered paragraph immediately following paragraph 45 of plaintiff's complaint, which begins "WHEREFORE" and includes subparagraphs (a) through (f), defendants deny that they are liable to plaintiff or that plaintiff is entitled to any relief from them under any theory at law or in equity.

47.

Except as expressly admitted, denied, or otherwise responded to, defendants deny all other allegations contained in plaintiff's complaint.

## THIRD DEFENSE

There has been an insufficiency of process; therefore, the Court lacks personal jurisdiction over defendants.

## FOURTH DEFENSE

There has been an insufficiency of service of process; therefore, the Court lacks personal jurisdiction over defendants.

## FIFTH DEFENSE

Venue may be inconvenient in Fulton County.

## SIXTH DEFENSE

Defendants did owe any legal duty to plaintiff.

## SEVENTH DEFENSE

Defendants did not breach any legal duty they may have owed to plaintiff.

## EIGHTH DEFENSE

No act or omission of defendants either proximately caused or contributed to any injuries or damages allegedly incurred by plaintiff; therefore, plaintiff has no right of recovery against defendants.

## NINTH DEFENSE

Any injuries or damages sustained by plaintiff were the sole, direct, and proximate result of the conduct of others, and no alleged act or omission by

defendants in any way caused or contributed to the incident described in the complaint.

## TENTH DEFENSE

The alleged injuries and damages sustained by plaintiff resulted solely from the voluntary and intentional conduct of plaintiff and not from any conduct of defendants.

## ELEVENTH DEFENSE

Plaintiff's alleged injuries and damages were solely and proximately caused by the unforeseeable, deliberate, and intervening criminal conduct of others for which defendants are not liable.

## TWELFTH DEFENSE

Plaintiff's complaint fails to state a claim for punitive damages.  Even if plaintiff's complaint states a claim for punitive damages, such damages are capped at $250,000.

## THIRTEENTH DEFENSE

The imposition of punitive damages against defendants would violate their rights under the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and the Georgia Constitution.

## FOURTEENTH DEFENSE

The statutes of the State of Georgia that authorize the imposition of punitive damages are contrary, by their express terms and as applied to defendants in this lawsuit, to the United States and Georgia Constitutions, and the imposition of punitive damages against defendants in this lawsuit is therefore barred inasmuch as the statutes allow for deprivations of property without due process of law, violate the equal protection of the laws by providing fewer protections for civil litigants than the criminal statutes that provide for the imposition of monetary fines, and impose an excessive fine.

## FIFTEENTH DEFENSE

To the extent as may be shown by the evidence through discovery, defendants assert the defenses of assumption of the risk, contributory and/or comparative negligence, failure of plaintiff to exercise ordinary care for her safety, failure to avoid consequences, failure to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of frauds, statute of limitations, sudden emergency, and waiver.

## SIXTEENTH DEFENSE

Defendants reserve the right to plead and prove such other defenses as may become known to them during the course of their investigation and discovery.

WHEREFORE, having fully listed their defenses and having fully answered the complaint, defendants pray as follows:

(a)     That judgment be entered in favor of defendants and against plaintiff on the complaint;

(b)     That the costs of this action, including attorney fees, be cast against plaintiff; and

(c)     That the Court grant such other and further relief as it may deem just and proper.

FREEMAN MATHIS & GARY, LLP


_____/s/ Sun S. Choy_____
Sun S. Choy
Georgia Bar No. 025148


_____/s/ Jacob E. Daly_____
Jacob E. Daly
Georgia Bar No. 203723

Attorneys for Defendants

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)
L:\DOCS\10009\10009\00076288.DOC

**DEFENDANTS DEMAND A TRIAL BY JURY OF
TWELVE AS TO ANY AND ALL ISSUES SO TRIABLE**

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **DEFENDANTS'**

**ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** electronically

using the LexisNexis File and Serve system which will automatically send e-mail

notification of such filing to counsel of record who are LexisNexis File and Serve

participants and which will cause a copy thereof to be mailed by United States

Postal Service to counsel of record who are not LexisNexis File and Serve

participants.  Counsel of record are:

James A. Rice, Jr., Esq.
JAMES A. RICE, JR., P.C.
563 Spring Street, N.W.
Atlanta, GA 30308

This 11th day of January, 2012.

    /s/ Jacob E. Daly    

Jacob E. Daly
Georgia Bar No. 203723

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 41815104
Date: Jan 11 2012 3:33PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TARA THAPA,                              )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )        CIVIL ACTION
                                         )        NO. 2011-EV-013994-Y
LAKESHORE ATLANTA                        )
APARTMENTS, LLLP and                     )
VENTRON MANAGEMENT, LLC,                 )
                                         )
        Defendants.                      )

## DEFENDANTS' DEMAND FOR TRIAL BY JURY OF TWELVE

COME NOW defendants Lakeshore Atlanta Apartments, LLLP and Ventron

Management, LLC, by way of special appearance and without waiving but

specifically reserving all jurisdictional defenses available to them, and, pursuant to

O.C.G.A. § 15-12-122(a)(2), demand that plaintiff's claims be tried by a jury of

twelve. Based on the allegations in the complaint, plaintiff is seeking in excess of

$25,000 in damages.

[SIGNATURE ON FOLLOWING PAGE]

FREEMAN MATHIS & GARY, LLP


_____/s/ Jacob E. Daly_____
Sun S. Choy
Georgia Bar No. 025148
Jacob E. Daly
Georgia Bar No. 203723

Attorneys for Defendants

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)
L:\DOCS\10009\10009\00076309.DOC

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **DEFENDANTS'**
**DEMAND FOR TRIAL BY JURY OF TWELVE** electronically using the
LexisNexis File and Serve system which will automatically send e-mail
notification of such filing to counsel of record who are LexisNexis File and Serve
participants and which will cause a copy thereof to be mailed by United States
Postal Service to counsel of record who are not LexisNexis File and Serve
participants. Counsel of record are:

James A. Rice, Jr., Esq.
JAMES A. RICE, JR., P.C.
563 Spring Street, N.W.
Atlanta, GA 30308

This 11th day of January, 2012.

/s/ Jacob E. Daly
Jacob E. Daly
Georgia Bar No. 203723

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

**State Court of Fulton County**
***EFILED***
LexisNexis Transaction ID: 41815104
Date: Jan 11 2012  3:33PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TARA THAPA,                              )
                                         )
              Plaintiff,                  )
                                         )
v.                                       )        CIVIL ACTION
                                         )        NO. 2011-EV-013994-Y
LAKESHORE ATLANTA                        )
APARTMENTS, LLLP and                     )
VENTRON MANAGEMENT, LLC,                 )
                                         )
              Defendants.                )

## DEFENDANTS' NOTICE OF FAULT OF NON-PARTY

COME NOW defendants Lakeshore Atlanta Apartments, LLLP and Ventron Management, LLC, by way of special appearance and without waiving but specifically reserving all jurisdictional defenses available to them, and, pursuant to O.C.G.A. § 51-12-33, notify the Court and the parties that the unknown person who allegedly assaulted, battered, attacked, and threatened plaintiff may be wholly or partially at fault in connection with plaintiff's alleged injuries and damages.

The last known address of plaintiff's unknown assailant is unknown, as is that person's identity. The bases for defendants' belief that plaintiff's unknown assailant may be at fault are that (1) that person owed plaintiff a legal duty not to assault, batter, attack, threaten, and otherwise injure her; (2) that person breached

this legal duty; and (3) plaintiff's alleged injuries and damages were proximately caused, at least in part, by that person's negligent or intentional acts over which defendants had no control.

This notice is given more than 120 days prior to the date of the trial of this action, and for purposes of having the jury in the trial of this action consider the negligence or fault of plaintiff's unknown assailant.

FREEMAN MATHIS & GARY, LLP

_____/s/  Jacob E. Daly_____
Sun S. Choy
Georgia Bar No. 025148
Jacob E. Daly
Georgia Bar No. 203723

Attorneys for Defendants

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)
L:\DOCS\10009\10009\00076310.DOC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served the foregoing **DEFENDANTS'**

**NOTICE OF FAULT OF NON-PARTY** electronically using the LexisNexis File

and Serve system which will automatically send e-mail notification of such filing

to counsel of record who are LexisNexis File and Serve participants and which will

cause a copy thereof to be mailed by United States Postal Service to counsel of

record who are not LexisNexis File and Serve participants.  Counsel of record are:

James A. Rice, Jr., Esq.
JAMES A. RICE, JR., P.C.
563 Spring Street, N.W.
Atlanta, GA 30308

This 11th day of January, 2012.


                              _____/s/ Jacob E. Daly_____
                              Jacob E. Daly
                              Georgia Bar No. 203723

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)